# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DISTRICT

| | |
|---|---|
| CHRISTIAN DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-0285-CV-W-GAF |
| ) | |
| THE RAYMOND CORPORATION ) | |
| and HEUBEL MATERIAL ) | |
| HANDLING, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiff Christian Daniels' ("Plaintiff") Motion to Remand. (Doc. #13). Plaintiff claims Defendants the Raymond Corporation ("Raymond") and Heubel Material Handling, Inc. ("Heubel") (collectively "Defendants") improperly removed this action from the state court in which it was initiated. Defendants oppose, contending Plaintiff fraudulently joined Heubel to defeat diversity jurisdiction. (Doc. #18). For the following reasons, Plaintiff's Motion is GRANTED.

"The 'common thread' underlying the question whether a defendant has been fraudulently joined to defeat diversity jurisdiction 'is reason. Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim.'" *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (*quoting Filla v. Norfolk S. Ry.*, 336 F.3d 806, 810 (8th Cir.2003)). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.*

While Plaintiff may have listed a number of claims that he may ultimately be unable to prove, Plaintiff did state at least one cause of action against Heubel: that Heubel failed to adequately

inspect the forklift. (Pet., ¶27.a). Defendants do not cite any cases indicating Missouri law would not recognize a duty to inspect under the circumstances of this case.[1] Given that a party seeking removal and opposing remand bears the burden of establishing federal jurisdiction, *Missouri ex rel. Pemiscot County, Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) and that this Court is "required to resolve all doubts about federal jurisdiction in favor of remand," *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 191, 183 (8th Cir. 1993), Plaintiff has stated at least one plausible cause of action against Heubel. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007) (requiring plaintiffs provide plausible grounds to support its cause of action and overruling the "no set of facts" language in *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)). The Court need look no further; Plaintiff has stated a claim against a non-diverse defendant and the Court therefore must remand the case to state court. Plaintiff's Motion is GRANTED and this case is REMANDED to the Circuit Court of Jackson County, Missouri at Kansas City.[2]

**IT IS SO ORDERED.**

                                              s/ Gary A. Fenner
                                              Gary A. Fenner, Judge
                                              United States District Court

DATED: **June 25, 2009**

---

[1] Defendants' citation to *Menz,* 440 F.3d 1002, is distinguishable from the case at hand. In *Menz*, the Court focused on the defendant's duty to warn. *Id.* at 1004. Here, in addition to asserting Heubel had a duty to warn, Plaintiff also asserts Heubel had a duty to inspect. Based on Heubel's relationship with Raymond and in turn Raymond's relationship with Plaintiff's employer, a Missouri court might find Heubel owed such a duty to Plaintiff.

[2] Plaintiff's request for attorneys' fees and costs is DENIED.

Defendants' Motion to Strike Robert Loderstadt's Expert Affidavit (Doc. #19) is DENIED as moot.